| | |
|---|---|
| DWAYNE MANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| DEPARTMENT OF JUSTICE; ) | |
| BUREAU OF PRISONS; and WARDEN ) | |
| STEVENS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE # 12) of defendants the United States of America, Warden Stephens ("Stephens"), the Department of Justice ("DOJ"), and the Bureau of Prisons ("BOP") (collectively "defendants"). The matter is ripe for adjudication. For the following reasons, the court grants defendants' motion and directs the clerk of court to issue an initial order to govern plaintiff's remaining claim.

## STATEMENT OF THE CASE

On April 29, 2010, plaintiff brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.*, against defendants alleging negligence, false imprisonment, false arrest, abuse of process, malicious prosecution, and medical neglect. On November 30, 2010, defendants filed a motion to dismiss arguing that the action should be dismissed because the court lacks subject matter jurisdiction over his FTCA claim. Alternatively, defendants assert that plaintiff

failed to state a claim upon which relief may be granted. Plaintiff filed a motion for an extension of time to respond to defendants' motion, but failed to file a response.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On June 3, 3009, plaintiff was elbowed in the mouth during a basketball game at the Federal Correctional Institution in Butner, North Carolina. Plaintiff injured his lip, but finished the game. When leaving the recreation area, plaintiff informed a staff member that he injured his lip during a basketball game, and the officer nodded okay. Plaintiff then proceeded to his cell and remained in his cell until "conduct count" at 4:00 p.m.

At conduct count, an officer asked plaintiff how his lip was injured and plaintiff replied that it happened during a basketball game. The officer did not believe plaintiff and spent fifteen (15) minutes attempting to convince him to provide another explanation and instructed plaintiff that if plaintiff did not tell the truth, he would press the emergency button on his radio. Plaintiff did not change his story and the officer left plaintiff's cell.

The officer later returned to plaintiff's cell and escorted him to Lieutenant Johnson's office where Lieutenant Johnson asked him about his lip injury. Plaintiff told Lieutenant Johnson that he injured his lip during a basketball game earlier that day and that he reported it to the recreation yard officer. Lieutenant Johnson asked plaintiff if he had been fighting and plaintiff responded "no." Lieutenant Johnson then informed plaintiff that he was placing him in segregation pending an investigation of plaintiff's story.

After questioning plaintiff, Lieutenant Johnson called a medical staff member to look at plaintiff's lip. The medical staff member noted that plaintiff had a nasty cut that likely would require

2

stitches. The medical staff member told plaintiff that he would send someone to treat him as soon as he could. Plaintiff then was taken to the special housing unit.

Plaintiff was housed in the special housing unit for the next four days, during which his lip continued to bleed. Although plaintiff heard officers request medical assistance, the medical staff refused to respond. On July 13, 2009, plaintiff was released back into general population, but did not receive any paperwork or incident report stating why he was detained.

While plaintiff was housed in the special housing unit, he was placed in a recreation cage during a thunderstorm and left outside from 9:00 a.m. until 3:30 p.m. The staff at Butner responded by laughing and joking while he was outside in the storm. Plaintiff subsequently developed a head cold and was not provided any medical supplies. In addition to his head cold, plaintiff suffered weight loss, nerve damage in his tooth area, scarring on his lip, depression, loss of property, and a lump on the left side of his lip.

Plaintiff alleges that Lieutenant Johnson's refusal to review the camera footage on the day he was admitted to the special housing unit resulted in false imprisonment, false arrest, abuse of process, and malicious prosecution. Plaintiff alleges that the medical staff acted with medical neglect and engaged in abuse of process when they allowed his mouth to bleed for four days and refused to provide him with cold medications. Finally, plaintiff alleges that the staff in the special housing unit engaged in false imprisonment, abuse of process and malicious prosecution when they failed to clear him of any wrongdoing once the evidence proved he was not fighting. Plaintiff also alleges that Butner staff acted with negligence when they left him outside during a thunderstorm.

3

## DISCUSSION

A.  Standard of Review

Defendants' motion to dismiss is based upon Rule 12(b)(1), lack of subject matter jurisdiction, and Rule12(b)(6), failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

4

544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B.  Analysis

1.  Subject Matter Jurisdiction

Defendants contend that this court lacks subject matter jurisdiction over plaintiff's FTCA claim. The FTCA is a waiver of the United States' sovereign immunity, which permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a); United States v. Kubrick, 444 U.S. 111, 116 n.4 (1979). Courts should not extend the waiver of the United States' sovereign immunity beyond that which Congress intended. Id. at 118; United Servs. Auto. Ass'n v. United States, 105 F.3d 185, 187 (4th Cir. 1997). Plaintiff must "show that an unequivocal waiver of sovereign immunity exists . . . ." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Id.

Defendants contend that the United States has not waived its sovereign immunity in this case because the due care exception to the FTCA's waiver of sovereign immunity under 28 U.S.C. § 2680(a), applies. Section 2680(a) provides that the United States is not liable for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680. There is a two-part test used to determine whether the due care exception bars a particular claim. Welch, 409 F.3d at 652. First, a court must determine "whether the statute or regulation in question specifically proscribes a course of action for an officer to follow." Id. Second, if a specific course of action is proscribed, the court must ask "whether the officer exercised due care in following the dictates of that statute or regulation. If due care was exercised, sovereign immunity has not been waived." Id.

In this case, plaintiff contends that defendants engaged in false imprisonment, false arrest, abuse of process, and malicious prosecution when they placed him in the special housing unit pending an investigation into whether his mouth injury was the result of an altercation. As for the first part of the due care test, the court finds that there is a statute expressly addressing the ability of prison officials to detain an individual pending an investigation. In particular, 28 C.F.R. § 541.23(c)(1) states that an inmate may be placed in administrative detention when: "You are under investigation or awaiting a hearing for possibly violated a Bureau regulation or criminal law." 28 C.F.R. § 541.23(c)(1). Accordingly, there is a course of action for inmates that are suspected of violating the BOP's regulations.

The court next determines whether defendants exercised due care in following the above-stated regulation. On June 3, 2009, plaintiff injured his lip. When corrections officers questioned him about how he obtained the injury, he told them he injured it during a basketball game. Lieutenant Johnson asked plaintiff why he had not reported the incident and plaintiff responded that he reported it to an unidentified officer on the recreation yard. Lieutenant Johnson suspected plaintiff obtained the injury in an altercation and informed him that he would need to review the video footage from the recreation yard to confirm plaintiff's story. Plaintiff then was placed in the special housing until for four days while prison staff investigated the incident. Based upon these allegations, the prison staff exercised due care when they housed plaintiff in the special housing unit pending an investigation of a suspected altercation. Plaintiff has not presented any evidence to the contrary. Accordingly, the due care exception applies, and plaintiff's FTCA claims for false imprisonment, false arrest, abuse of process, and malicious prosecution arising out of his placement in the special housing unit are dismissed for lack of subject matter jurisdiction.

Regarding plaintiff's alleged loss of property upon his transfer to the special housing unit, the United States again asserts the defense of sovereign immunity. The FTCA waives the United States' sovereign immunity for "claims arising out of torts committed by federal employees." Ali v. Federal Bureau of Prisons, 552 U.S. 214, 218 (2008) (citing 28 U.S.C. § 1346(b)(1)). Specifically, the FTCA "authorizes 'claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Id. (omissions in original; quotation omitted). The FTCA contains exemptions to this waiver of sovereign immunity. See 28 U.S.C. § 2680(a)–(n). Id. In Ali, the Supreme Court analyzed the exemption in section 2680(c) and

the meaning of "law enforcement officer" within the FTCA. See id. Section 2680(c) states that the FTCA shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." Id.; 28 U.S.C. § 2680(c). In Ali, the Supreme Court held that a BOP officer who allegedly lost an inmate's personal property while transferring the inmate was a "law enforcement officer" within the meaning of 28 U.S.C. § 2680(c). See Ali, 552 U.S. at 228-229. The exception to the sovereign immunity waiver applied, and the court lacked subject matter jurisdiction over the claim. See id.

Under Ali, the corrections officers at Butner are law enforcement officers within 28 U.S.C. § 2680(c). According to plaintiff, his property was lost when he was transferred to the special housing unit. The loss of goods during transfer qualifies as "detention" under § 2680(c). Cf. Ali, 552 U.S. at 218 n.2; Kosak v. United States, 465 U.S. 848, 854 (1984) ("'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property"); Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 390–91 (5th Cir. 2003) (per curiam) (stating that the process of inspecting and inventorying property constituted a detention). Accordingly, as in Ali, subsection 2680(c) applies to the Butner officers' alleged conduct in this action. Accordingly, the court lacks subject matter jurisdiction over the FTCA claim.

8

2. Medical Negligence

Defendants move to dismiss plaintiff's state law negligence claim because plaintiff failed to state a claim upon which relief may be granted.[1] Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). The statute "requires the law of the place 'where the act or omission occurred' to be applied." Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Thus, North Carolina law governs this action.

North Carolina Rule of Civil Procedure 9(j) requires that the complaint of a plaintiff alleging a claim of medical malpractice must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. Specifically, Rule 9(j) provides:

> Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:

---

[1] Plaintiff alleges that defendants engaged in medical neglect. The court construes his claim as one for medical malpractice. See N.C. Gen. Stat. § 90-21.11 (defining medical malpractice action as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider.")

9

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C.R.Civ.P 9(j). Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp.2d 636, 649 (M.D.N.C. 2004).

Plaintiff's complaint fails to allege he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of res ipsa loquitur is allowed only when the facts of the occurrence warrant an inference of defendant's negligence. Sharp v. Wyse, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body). In light of the evidence, the doctrine of res ipsa loquitur does not apply to plaintiff's claim. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

3. Remaining Claim

Defendants' motion to dismiss does not address plaintiff's allegation that defendants acted with negligence when they placed him outside in the recreation cage during a thunderstorm from 9:00 a.m. until 3:30 p.m., while correctional officers stood inside laughing and joking. Thus, this claim remains pending. Because the proper party for a suit brought under the FTCA is the United States of America, the remaining defendants in this action are DISMISSED. 28 U.S.C. §§ 1346(b), 2674, 2679; see United States v. Smith, 499 U.S. 160, 167 n. 9 (1991).

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE # 12) is GRANTED. Additionally, the BOP, DOJ, and Stephens are DISMISSED from this action without prejudice. Plaintiff has a negligence claim that remains pending. The Clerk of Court is DIRECTED to issue an initial order with regard to this claim.

SO ORDERED, this the 8th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

11